Charles Eugene **RILEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 231–91.

Court of Criminal Appeals of Texas,
En Banc.

March 25, 1992.

Rehearing Denied June 9, 1992.

Toby Goldsmith, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Mary C. Merchant, Sylvia Mandel, Michael Parrish, Liz Cottingham, and Lisa C. McMinn, Asst. Dist. Attys., Fort Worth, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted of aggravated sexual assault and the jury assessed punishment at confinement for life. The Court of Appeals reversed the judgment of the trial court. *Riley v. State*, 802 S.W.2d 909 (Tex.App.—Fort Worth 1991). The State filed a petition for discretionary review. We will affirm the judgment of the Court of Appeals.

The central issue presented is whether the trial judge correctly instructed the jury on the issue of appellant's sanity at the time of the commission of the alleged offense. If we conclude the trial judge's instruction was incorrect, we must determine whether the Court of Appeals conducted a proper harm analysis. *See, Al-*

*manza v. State*, 686 S.W.2d 157 (Tex.Cr. App.1984).[1]

## I.

The sufficiency of the evidence is not challenged, therefore, we will not recite the evidence developed at trial other than to note that the parties agree that appellant had previously been adjudicated insane by a court of another jurisdiction. *Riley*, 802 S.W.2d at 910.

■ Insanity is an affirmative defense, which means the defendant has the burden of proving his insanity by a preponderance of the evidence.[2] *See,* Tex.Penal Code Ann. § 2.04. As a general rule the State has no obligation to bring forward evidence which establishes the defendant was sane at the time of the commission of the alleged offense. However, an exception to that general rule exists whenever the defendant has previously been adjudicated insane and such adjudication has not been vacated. In that situation, there is a presumption that the insanity continues and the burden is upon the State to prove, beyond a reasonable doubt, that the defendant was *sane* at the time of the alleged offense.[3] *Manning v. State*, 730 S.W.2d 744, 746 (Tex.Cr.App.1987) and cases cited therein; *Morris v. State*, 744 S.W.2d 290, 294 (Tex.App.—Corpus Christi 1987). Therefore, in the instant case, the State had the burden of proving appellant committed a criminal offense, beyond a reasonable doubt, and also that appellant was *sane* at the time of the commission of that offense, beyond a reasonable doubt.

■ The jury charge began by setting forth the elements of the charged offense of aggravated sexual assault and the lesser included offense of aggravated assault.

Then on the issue of appellant's sanity, the trial judge instructed the jury as follows:

It is an affirmative defense to prosecution that, at the time of the conduct charged, the defendant, as a result of severe mental disease or defect, did not know that his conduct was wrong.

The term "mental disease or defect" does not include an abnormality manifested only by repeated criminal or otherwise anti-social conduct.

The burden of proof is on the State to prove beyond a reasonable doubt that at the time of the conduct charged the defendant was *sane*; that is, that he was not suffering from a severe mental disease or defect rendering him unable to know that his conduct was wrong.

Therefore, if you find and believe from the evidence beyond a reasonable doubt that the defendant committed the offense of aggravated sexual assault as alleged in the indictment, or the lesser included offense of aggravated assault as hereinbefore charged, but you further find, or have a reasonable doubt thereof, that at the time of the conduct charged, [appellant], as a result of a severe mental disease or defect, did not know that his conduct was wrong, you will acquit the defendant and say by your verdict "not guilty by reason of insanity".

Appellant's timely objection to the foregoing instruction was overruled. The Court of Appeals agreed with appellant's position which was described as follows:

We are persuaded that the court's charge is ambiguous with regard to the word "sane" and its legal definition to the degree that a jury could be confused as to who had the burden of proof on the issue of insanity. In an attempt to remedy this ambiguity, Riley requested the

---

1. Specifically, we granted the State's petition for discretionary review which sets forth the following grounds for review:
   1. The Court of Appeals erred by finding that the jury instructions on insanity were erroneous.
   2. The Court of Appeals conducted an improper harm analysis, failing to view the charge as a whole and in context with the trial proceedings.

2. Insanity is defined at Tex.Penal Code Ann. § 8.01 which provides:
   (a) It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong.

3. Unless otherwise indicated, all emphasis herein is supplied by the author.

court charge the jury in a manner that would insure consistency with regard to the word "sane" and its legal definition. Specifically, Riley urged the court to include either the word "sane," or alternatively, a legal definition thereof, in both the charging [abstract] and application paragraphs. This, Riley urged, would clarify the confusion created by use of dissimilar wording in the charging [abstract] and application paragraphs of the charge....

*Riley,* 802 S.W.2d at 910.

The State argues that, since appellant had been previously adjudicated insane, the burden shifted to the State to prove appellant's sanity beyond a reasonable doubt. Consequently, the State contends, the issue of *insanity* was converted into a defense to prosecution and Tex.Penal Code Ann. § 2.03 applied. Therefore, the instruction requiring the jury to acquit if it believed appellant was *insane* or if it had a reasonable doubt thereof, properly placed the burden of proof on the State and was not erroneous.

In support of its argument, the State relies on our holding in *Luck v. State,* 588 S.W.2d 371 (Tex.Cr.App.1979). *Luck* was a murder case where the defendant complained that the jury charge was erroneous because it did not inform the jury that the State had to disprove that the defendant acted in self-defense beyond a reasonable doubt. *See,* § 2.03, supra. In *Luck* we rejected the defendant's argument and held:

> In the instant case, the charge of the court required the jury to acquit appellant if they believed that he was acting in self-defense or the jury had a reasonable doubt thereof. The court further instructed the jury that the burden of proof beyond a reasonable doubt was on the State. Lastly, the court instructed the jury on the presumption of innocence. Clearly, when the charge is viewed as a whole, it placed the burden on the State to show beyond a reasonable doubt that appellant was not acting in self-defense. We find that the trial court did not err in overruling appellant's objection to the charge on self-defense. No error is shown.

*Luck,* 588 S.W.2d at 375.

The State reasons that since the paragraph immediately preceding the application paragraph properly set forth the State's burden of proof on the issue of appellant's sanity, the jury charge, when read as a whole, is not erroneous. We disagree for three reasons.

First, this case is distinguishable from *Luck* because the State had the burden of proving sanity, not the burden of disproving insanity. In other words, under these circumstances, appellant's sanity was an additional element the State had the burden of *proving* beyond a reasonable doubt which is distinguishable from *disproving* a defense. Cf. Tex.Penal Code Ann. § 2.01 and § 2.03(d).

Second, we believe that the jury charge, when read as a whole, is ambiguous and confuses the issue of who had the burden of proof to establish appellant's sanity. The application paragraph required the jury to find insanity, or to have a reasonable doubt thereof, before it could *acquit*; rather than requiring the jury to find sanity before it could *convict*. The State argues that the trial court correctly set forth the burden of proof in the abstract paragraph immediately preceding the application paragraph. However, as appellant points out, the first abstract instruction, pertaining to the issue of appellant's insanity, provided "[i]t is an affirmative defense to prosecution that, at the time of the conduct charged, the defendant, as a result of severe mental disease or defect, did not know that his conduct was wrong." This instruction, relating to an "affirmative defense," clearly indicated that appellant had the burden to produce some evidence on the issue of insanity, when, in fact, appellant had no such burden because, under these circumstances, appellant was "presumed" insane.

Third, as the Court of Appeals correctly recognized, Tex.Code Crim.Proc.Ann. art. 36.14 requires the judge to provide the jury with both an abstract statement of the law and an application of that abstract state-

ment to the evidence in the case. An abstract charge does not inform the jury of what facts, if found by it, would constitute proof of the elements of the offense. *Riley*, 802 S.W.2d at 910, citing *Williams v. State*, 622 S.W.2d 578, 579 (Tex.Cr.App. 1981). Therefore, while the trial court correctly instructed the jury, in one instance, on the State's burden of proof in the abstract portion of the jury charge, it erroneously applied that burden of proof in the application paragraph.

For these reasons, the ambiguity in the application paragraph, in the face of appellant's timely objection, was error and the State's first ground for review is overruled.

## II.

Having found the trial judge's instruction was incorrect, we now turn to whether the Court of Appeals conducted a proper harm analysis under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984). Before undertaking the harm analysis, the Court of Appeals stated:

> Riley bears the burden of demonstrating not only the existence of error, but also the harmfulness of the error. Any error in the charge, over timely objection in the trial court, requires reversal if such error is "calculated to injure the rights of the defendant," which means no more than that there must be *some* harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim. App.1984) (opinion on reh'g); TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). In other words, a properly preserved error will call for a reversal as long as the error is not harmless. *Almanza*, 686 S.W.2d at 171. In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.* The purpose of this review is to illuminate both the actual and theoretical harm to the accused. *Id.* at 174.

*Riley*, 802 S.W.2d at 911. (Emphasis in original.)

The Court of Appeals then set forth and considered seventeen separate factors in its harm analysis and concluded the error resulted in some harm to appellant. *Riley*, 802 S.W.2d at 913. The State argues "the Court of Appeals ignored all of the factors which the State said showed lack of harm." State's brief, pg. 8.

For the foregoing reasons, we decline to review the holding of the Court of Appeals. As noted above, the Court of Appeals relied upon the proper authority from this Court to perform its analysis. *See, Almanza,* supra. Additionally, our examination of the seventeen factors reflects that the Court of Appeals' analysis encompassed a thorough review of the record. It appears to us that the Court of Appeals has conscientiously and impartially discharged its duty to conduct a harm analysis. The fact that we may not agree with the results of that analysis is not a sufficient reason to exercise our discretionary power of review. Therefore, under these circumstances, we will not second guess the decision of the Court of Appeals. Accordingly, the State's second ground for review is dismissed as improvidently granted.

The judgment of the Court of Appeals is affirmed.

McCORMICK, P.J., dissents.

MILLER, J., dissents to Part I only.

OVERSTREET, Judge, dissenting.

The majority overrules the State's first ground for review, primarily because it found that the application paragraph of the jury charge ambiguously applied the burden of proof with regard to insanity. It then concludes that the court of appeals' harmless error analysis was conscientious and impartial, and thus dismisses the State's second ground for review as having been improvidently granted. Because I disagree with the majority's conclusion regarding ground for review number one, I must respectfully dissent.

As the majority well details, the issue in dispute is the interpretation of the trial

588

court's jury charge instructions dealing with insanity. The jury charge's abstract instruction that "[i]t is an affirmative defense to prosecution that, at the time of the conduct charged, the defendant, as a result of severe mental disease or defect, did not know that his conduct was wrong" was a correct statement of the law, at least in the abstract. *See* V.T.C.A.Penal Code, § 8.01(a). The jury charge then proceeded to define "mental disease or defect" per V.T.C.A.Penal Code, § 8.01(b). The jury was next instructed that it was the State's burden to prove beyond a reasonable doubt that at the time of the alleged offense appellant was sane; i.e. "was not suffering from a severe mental disease or defect rendering him unable to know that his conduct was wrong." Then, the application paragraph required acquittal if the jury found, or had a reasonable doubt thereof, that appellant at the time of the alleged offense "as a result of a severe mental disease or defect, did not know that his conduct was wrong[;]" i.e. was insane.

Saying that there is a significant distinction between requiring the State to prove beyond a reasonable doubt that an accused "is sane" as opposed to "is not insane" would seem to be an exercise in semantic gymnastics. Clearly, both properly require the State to prove the requisite fact under the requisite burden of proof. While it would certainly be more prudent, and perhaps more grammatically pleasing, for instructions to use the precise same wording consistently throughout the jury charge with respect to the State's requirement of proof regarding sanity/insanity, I do not consider the challenged instructions in the instant cause to be in the least bit ambiguous. The instructions, both abstractly and in specific application, properly instructed the jury without any shifting or confusion of the burden of proof.

Thus, I do not believe that there was any error in submitting the challenged jury charge instructions. Therefore, the State's ground for review number one should be sustained and the cause remanded to the court of appeals for consideration of appellant's unaddressed point of error. Because

the majority does not do so, I respectfully dissent.

WHITE, J., joins.