Johnson-Brandon v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-019-CR

     BRANDON JOHNSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the Criminal District Court No. 4
Dallas County, Texas
Trial Court # F93-54968-K
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Johnson appeals from his conviction for unlawful delivery of cocaine (under 28
grams), for which he was sentenced to five years in the Texas Department of Criminal Justice,
Institutional Division, and a $500 fine.
      Undercover drug officer, Terrence King, went to the Globe Motel in Dallas where he had
previously purchased drugs. Harold Riser was standing in the open door to Room 115 and asked
King what he needed. King replied, "two dimes," which means two ten-dollar rocks of crack
cocaine. King entered Room 115, followed by Riser. Riser directed King to loose rocks on the
dresser. King picked up two rocks and attempted to pay Riser with a twenty-dollar bill but Riser
told him to give the money to Appellant who was also in the room. Appellant said, "give me the
money" and grabbed the money from King. King left and notified his uniformed-officers backup. 
Within five minutes the uniformed officers arrested Appellant and Riser.
      Witness Hickerson, a forensic chemist testified that she analyzed the suspected cocaine
evidence and that it contained cocaine in an amount less than 28 grams.
      Appellant testified he knew Riser; that he saw Riser in front of his room; that Riser asked him
to come into the room, and told him he had a problem with his girlfriend. Appellant admitted he
took the money from King; that he gave it to Riser because it did not belong to him. Appellant
testified he was not trying to help Riser sell drugs and that he was not involved in any way.
      Appellant was convicted by the jury under the law of parties. He elected to have the judge
determine punishment. The judge sentenced him to five years in prison and a $500 fine.
      Appellant appeals on six points of error.
      Point one asserts the evidence is legally insufficient to support his conviction. Specifically,
Appellant claims the evidence was insufficient to show that he acted as a party to the commission
of the offense.
      When considering the legal sufficiency of the evidence, the court, viewing the evidence in the
light most favorable to the verdict, must determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim.
App. 1991). The trier of fact is the sole judge of the credibility of the witnesses and the weight
to be given their testimony. Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984). 
The trier of fact may accept or reject all or part of the testimony of any witness. Williams v. State,
784 S.W.2d 428, 430 (Tex. Crim. App. 1990).
      Appellant was charged with delivery of cocaine under 28 grams. "Deliver" is defined in the
Heath & Safety Code as "to transfer," actually or constructively to another, a controlled substance. 
Section 481.002(8) (1992).
      The Penal Code states that a party may be criminally responsible for an offense if while
"acting with intent to promote or assist in the commission of an offense, he solicits, encourages,
directs, aids or attempts to aid" another person committing an offense. Section 7.02(a)(2) (1994).
      Thus, when an accused promotes or assists in the commission of an offense, he shares
criminal responsibility under the law of parties. Haddad v. State, 860 S.W.2d 947, 950 (Tex.
App.—Dallas 1993, pet. ref'd). The jury was charged on the law of parties. Circumstantial
evidence may be used to prove the accused was a party to a criminal offense. Cordova v. State,
698 S.W.2d 107, 111 (Tex. Crim. App. 1985).
      Although an accused's mere presence at the scene does not make him a party to the offense,
presence is a factor that may be considered to show he was a participant. Michael v. State, 864
S.W.2d 104, 107 (Tex. App.—Dallas 1993, no pet.); Eastman v. State, 636 S.W.2d 272, 274
(Tex. App.—Amarillo 1982, pet. ref'd).
      Appellant here was shown to have been much more than merely present. He admitted he was
in the room with Riser for some five minutes before King arrived. In that time he observed three
or four persons enter the room, locate rock cocaine at Riser's direction, pay Riser and then leave. 
Appellant admitted he knew that these people had come for the same reason as King. Appellant
heard Riser ask King what he wanted; heard King tell Riser he was looking for "two rocks"; and
heard Riser tell King "they are in here." He saw King select two rocks and attempt to pay Riser. 
He heard Riser tell King to pay him. King then handed Appellant the money and Appellant
accepted it, saying, "give me the money."
      Appellant accepted the money as part of the entire transaction which constituted the delivery
of the cocaine from Riser to King. Delivery was conditioned upon the payment of money. Thus
the payment of money became an indivisible part of the delivery that occurred from Riser to King. 
Appellant aided Riser in the completion of the delivery by accepting the money from King and
delivering it to Riser.
      The evidence is sufficient to show that Appellant participated in, aided, and assisted Riser in
transacting the sale of cocaine to King. Any rational factfinder could have found Appellant guilty
beyond a reasonable doubt.
      Point one is overruled.
      Appellant, by a supplemental point, asserts the evidence is factually insufficient to support his
conviction. 
      In reviewing the factual sufficiency of the evidence, this court views the evidence without the
prism of "in the light most favorable to the prosecution" and will set aside the verdict if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375 (Tex.
App.—Austin 1992). Under the Clewis standard we consider the evidence of defense witnesses
and the existence of alternative hypotheses.
      In this case, our factual sufficiency review shows that the verdict of guilty was a proper
verdict. While Appellant claimed he was not trying to help Riser sell drugs and that he had "no
idea" why King gave him the money, the evidence shows Appellant had been in the room several
minutes before the transaction with King, and had witnessed several prior transactions where drugs
were exchanged for money. The jury did not believe Appellant's story and rejected his version
of the facts, as it had a right to do. Hughes v. State, 897 S.W.2d 285, 289 (Tex. Crim. App.
1994). Nothing in this case shows that the jury's rejection of Appellant's story was against the
great weight and preponderance of the evidence so as to make its verdict manifestly unjust.
      Appellant's supplemental point of error is overruled.
      Point two asserts the trial court erred in its charge to the jury on the law of parties. Article
36.14, Texas Code of Criminal Procedure, provides in pertinent part:
The judge shall . . . deliver to the jury . . . a written charge distinctly setting forth the
law applicable to the case.

Sections 7.01 through 7.03 of the Penal Code establish and control the law of parties. Section 
7.01 provides in pertinent part:
 
A person is criminally responsible as a party to an offense if the offense is committed by
his own conduct, by the conduct of another for which he is criminally responsible, or by
both.

Section 7.01(a)(2) and Section 7.02 provide in pertinent part:
 
A person is criminally responsible for an offense committed by the conduct of another
if . . . acting with intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the offense.

The court's charge stated:
 
All persons are parties to an offense who are guilty of acting together in the commission
of an offense. A person is criminally responsible as a party to an offense if the offense
is committed by the conduct of another for which he is criminally responsible. A person
is criminally responsible for an offense committed by the conduct of another if, acting
with intent to promote or assist the commission of the offense, he aids, or attempts to aid
the other person to commit the offense. Mere presence along will not make a person a
party to an offense.

      Additionally, the application paragraph of the court's charge required the jury, before 

Appellant could be found guilty as a party, to find that Appellant acted intentionally or 

knowingly with respect to his participation in the alleged transaction.

      Appellant requested the following instruction which the trial court denied:
 
In order to be found guilty of an offense committed by another, the evidence must
show that a person committed an offense against the law and that the accused acted with
intent to promote or assist such offense. The evidence must show that the accused knew
that he was assisting in the commission of the offense and that he agreed that the offense
should be committed. The acts of the accused must show an understanding and common
design to commit the offense and that at the time of the offense, if any, the parties were
acting together, each contributing some part towards the execution of a common purpose. 
Any agreement to commit an offense, if any, must occur before or contemporaneous with
the commission of the offense.
 
The mere presence of the accused at the scene of the offense and even knowledge
that an offense is being committed does not make him criminally responsible for an
offense.

      Article 36.14, Texas Code Criminal Procedure provides that a defendant is not entitled to
have instructions that are worded exactly as he requests as long as the charge correctly states the
law and tracks the statute. Willis v. State, 802 S.W.2d 337, 341 (Tex. App.—Dallas 1990, pet.
ref'd). Also a trial court may refuse a requested instruction that is already adequately covered by
the charge submitted. Moody v. State, 827 S.W.2d 875, 893 (Tex. Crim. App. 1992). This is
true even if the requested instruction is a correct statement of the law. Riley v. State, 802 S.W.2d
909, 910 (Tex. App.—Fort Worth 1991), affirmed, 830 S.W.2d 584 (Tex. Crim. App. 1992).
      In this case, the court's charge correctly stated the law and tracked the applicable statutes. 
In addition, the legal principles behind all of Appellant's requested instruction were adequately
covered by the court's charge. Moody, 827 S.W.2d at 893; Willis, 802 S.W.2d at 341.
      Point two is overruled.
      Points three and four assert the trial court erred in its charge to the jury in its definitions of
"intentionally" and "knowingly." Specifically, Appellant complains that the trial judge failed to
limit the definition of "knowingly" and "intentionally" in the jury charge to the "nature" of
Appellant's conduct.
      The trial court charged the jury:
A person acts intentionally, or with intent, with respect to the nature of conduct or
with respect to a result of his conduct when it is his conscious objective or desire to
engage in the conduct or cause the result.
 
A person acts knowingly, or with knowledge, with respect to the nature of conduct
or with respect to the circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist. A person acts knowingly, or with
knowledge, with respect to a result of conduct when he is aware that his conduct is
reasonably certain to cause the result.

      The court's application paragraph in the jury charge applied the definitions of "intentionally" 
and knowingly" as follows:
 
Now keeping in mind all the law as contained in the court's charge, if you find and
believe from the evidence beyond a reasonable doubt that Harold Riser on or about the
23rd of May 1994, in Dallas County, did unlawfully, knowingly or intentionally deliver,
to-wit: constructively transfer as that term is defined herein, a controlled substance, to-wit, cocaine . . . to T. King, and you further find and believe from the evidence beyond
a reasonable doubt that the defendant, Brandon Johnson, was present at the time of said
delivery, if any, and did intentionally or knowingly act with intent to promote or assist
in the commission of the offense, if any, by aiding or attempting to aid the said Harold
Riser to commit the offense, then you will find the defendant to be guilty and so say by
your verdict.
 
Unless you so find beyond a reasonable doubt thereof, you will acquit the defendant
and say by your verdict "Not Guilty."

      Appellant requested the following definition of "knowingly" and "intentionally":
 
A person acts intentionally or with intent with respect to the nature of his conduct
when it is his conscious objective or desire to engage in the conduct.
 
A person acts knowingly or with knowledge with respect to the nature of his conduct
or the circumstances surrounding his conduct when he is aware of the nature 0of his
conduct or that the circumstances exist.

      Appellant requested the following application paragraph:
 
Now, if you find from the evidence beyond a reasonable doubt that on May 23,
1994, in Dallas County, that Harold Riser did unlawfully, knowingly and intentionally
deliver, that is, transfer, constructively transfer, and offer to sell a controlled substance,
to-wit, cocaine . . . to Terrence King, and that Brandon Johnson did then and there, with
intent to promote and assist the alleged delivery of cocaine to Terrence King, and assist
Harold Riser in said commission of the aforesaid alleged delivery of cocaine, then you
will find Brandon Johnson guilty of delivery of cocaine, as charged in the indictment. 
If you do not so believe, or if you have a reasonable doubt as to any element of the
offense for which Brandon Johnson is charged, you will say by your verdict "Not
Guilty."

      The trial court denied the foregoing requests except as given in the court's charge. The
court's charge correctly stated the law and tracked the applicable statutes, and the court did not
err in denying Appellant's requested charge.
      Points three and four are overruled.
      Point five asserts the trial court erred in not sentencing Appellant under Senate Bill 1067, Acts
1993, Ch. 900, 73rd Legislature.
      Specifically, Appellant contends the trial court erred in punishing him as a first-degree felon
because he should have been punished for a state-jail felony under Senate Bill 1067 of the 73rd
Legislature. Appellant cites Section 311.031(G), Texas Government Code, which provides:
If the penalty, forfeiture, or punishment for any offense is reduced by the re-enactment
revision, or amendment of the statute, the penalty, forfeiture, or punishment, if not already
imposed, shall be imposed according to the statute as amended.

      Appellant argues that Senate Bill 1067, in reducing the punishment for the offense for which
he was convicted, should be given effect and he should be punished under the lesser penalty
imposed by such Bill.
      Appellant committed the offense on May 24, 1994, and was sentenced on April 28, 1995. 
Appellant was prosecuted and sentenced under Texas Health & Safety Code, Section 481.112
(1992), which was the statute in effect at the time of the commission of his offense. That statute
provided his offense was a first-degree felony. Section 481112(a)(b) (1992).
      In 1993 the Legislature amended Section 481.112 to make the offense punishable as a state-jail
felony with a lower punishment range. The amendment was effective for offenses committed on
or after September 1, 1994. Tex. Health & Safety Code, Sec. 481.115 (1996).
      Section 2.08, article 2 of Senate Bill 1067 specifically provided:
The change in law made by this article applies only to an offense committed on or after
the effective date of this article . . .
 
(b) an offense committed before the effective date of this article is covered by the law in
effect when the offense was committed, and the former law is continued in effect for that
purpose.

      Since Appellant's offense was committed on May 23, 1994, before September 1, 1994, the
effective date of the new statute, Appellant was correctly prosecuted and punished under the prior
statute, which proscribed the offense as a first-degree felony. Wilson v. State, 899 S.W.2d 36,
38 (Tex. App.—Amarillo 1995, pet. ref'd); Fiori v. State, 918 S.W.2d 532, 533 (Tex.
App.—Dallas 1995) are directly on point and in accord.
      Point 5 is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 19, 1997
Do not publish