IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00057-CR

 

Paige Louis Benner 

a/k/a Paige Louis Molish,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the Criminal District
Court No. 3

Tarrant County, Texas

Trial Court No. 0926958R

 



MEMORANDUM Opinion



 

            After considering a charge
of burglary of a habitation with intent to commit a felony, a jury found
Appellant Paige Louis Benner guilty of the lesser-included offense of
aggravated assault with a deadly weapon and sentenced him to fifty years’
imprisonment. 

Benner entered the home of the victim
(his estranged wife Amy) by digging a hole underneath it and coming in through
a trap door.  Once inside, he waited for Amy to return.  Amy returned to find
Benner in her home, where he held her at knifepoint, threatening to cut off
different body parts.  Benner had Amy bind herself with duct tape and told her that
he wanted to hold her hostage for $30,000 (to come from Amy’s mother) because,
Benner claimed, he had a fatal liver disease, had two years to live, and wanted
the money to live out his life.  After suffering a variety of injuries,
including superficial cuts, Amy was able to talk her way out of the situation
and called police after Benner released her.

Benner appeals, asserting in one issue
that the trial court erred in admitting extraneous-offense evidence in the
punishment phase.  We will affirm.

Benner had previously been tried for an
alleged sexual assault of Amy occurring about a year before this offense.  The
gist of the sexual assault charge was that Benner physically assaulted Amy, who
acquiesced to sex to stop being beaten and restrained.  Benner was acquitted of
sexual assault; the lesser included offense of aggravated assault was requested
by the defense but not submitted.  Almost all of the information presented to
the trial court on the sexual assault case came from assertions by Benner’s
counsel and the prosecutor.

The State agreed to present evidence on
only the alleged physical assault facts that preceded the alleged sexual
assault; it agreed to not discuss the alleged sexual assault facts.  In only
four pages of testimony, Amy testified that Benner angrily awoke her, bit her,
choked her, and punched her in the breast.  The physical attack lasted for
about fifteen minutes and concluded with Benner handcuffing and “toe-cuffing” Amy. 
Photographs of Amy’s injuries from this assault were admitted.

Benner’s issue argues that the trial
court erred in admitting evidence of this alleged assault because he had been acquitted
in the aggravated sexual assault trial.  See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2005) (“evidence may be offered . . . of an extraneous crime or bad act that
is shown beyond a reasonable doubt by evidence to have been committed by the
defendant”).  Whether an offense (such as aggravated assault) is a
lesser-included offense of the charged offense (such as sexual assault) is a
case-by-case determination.  See Bartholomew v. State, 871 S.W.2d 210,
212 (Tex. Crim. App. 1994); Riley v. State, 830 S.W.2d 584, 584 (Tex.
Crim. App. 1992) (aggravated assault was a lesser-included offense of sexual
assault).  The trial court did not have the record from the sexual assault
trial.  We will therefore assume that error occurred and proceed to a harm
analysis.

Error under the Rules of Evidence in
admitting evidence is nonconstitutional error governed by Texas Rule of
Appellate Procedure 44.2(b).  Tex. R.
App. P. 44.2(b); Tex. R. Evid.
103(a); Solomon v. State, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).  Rule
44.2(b) provides that a nonconstitutional error "that does not affect
substantial rights must be disregarded."  Substantial rights are not
affected by the erroneous admission of evidence if, after examining the record
as a whole, we have fair assurance that the error did not influence the jury,
or had but a slight effect.  Motilla v. State, 78 S.W.3d 352, 356 (Tex. Crim. App. 2002).  In conducting a harm analysis under Rule 44.2(b), we decide
“whether the error had a substantial or injurious effect on the jury verdict.” 
Morales v. State, 32 S.W.3d 866, 867 (Tex. Crim. App. 2000).  We
“consider everything in the record, including any testimony or physical
evidence admitted for the jury’s consideration, the nature of the evidence
supporting the verdict, the character of the error and how it might be
considered in connection with other evidence in the case[,] . . .the jury
instruction given by the trial judge, the State’s theory and any defensive
theories, closing arguments, and voir dire if material to appellant’s claim.”  Id.  We also consider overwhelming evidence of guilt, but that is only one factor in
our harm analysis.  Motilla, 78 S.W.3d at 356-58.

In addition to the prior physical assault
evidence, the State offered evidence of Benner’s lengthy criminal history:

·       
A 1975 felony
conviction for theft and burglary;

·       
A 1980 felony theft
conviction;

·       
A 1991 deferred
adjudication for misdemeanor harassment (calling the police station twenty-two
times in a row over a traffic incident);

 

·       
Two 1991 DWI
convictions; and

·       
A 2002 conviction
for a protective order (relating to Amy) violation.

The jury also heard evidence of
Benner’s telephone harassment of Amy, including an audiotape of a phone call in
which he warned her to arm herself against him.  The tape also disclosed
Benner’s continued methamphetamine use.

Under the circumstances of Benner’s
lengthy and varied criminal history and threats against Amy, we have a fair
assurance that the erroneous admission of the physical assault evidence did not
influence the jury or had but a slight effect.  Benner’s sole issue is
overruled.  We affirm the trial court’s judgment.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief
Justice Gray concurs only in the judgment of this case, not this opinion.)

Affirmed

Opinion
delivered and filed April 12, 2006

Do
not publish

[CRPM]








 






 that David was
shot and Mauricio was shot and killed during the robbery.
      David testified that appellant shot him. Although there was conflicting evidence as to who
shot David, the jury was entitled to resolve such conflict in favor of the State. Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The evidence is legally and factually
sufficient to support appellant’s conviction for attempted capital murder as a principal, i.e., the
shooter of David.
      The evidence likewise supports appellant’s conviction for the capital murder of Mauricio,
and the attempted capital murder of David under the law of parties. The conspiracy, the
robbery, and appellant’s role as a party to the robbery was uncontested. Appellant’s
confession admitted to all of the foregoing, but asserts he did not shoot anybody himself and
did not know that Jose was going to shoot anyone. He asserts they were just going to scam the
money. Appellant also contends the evidence is insufficient to prove “he should have
anticipated” that Jose would shoot Mauricio and David in furtherance of the conspiracy. The
gun was specifically acquired for the purpose of committing the robbery and taken to the scene
of the robbery. This was sufficient evidence for the jury to find that appellant “should have
anticipated” that a person or persons would be shot during the course of the robbery. Queen v.
State, 940 S.W.2d 781, 788 (Tex. App.—Austin 1997, pet. ref’d); Ruiz v. State, 579 S.W.2d
206, 210 (Tex. Crim. App. 1979).
      The evidence is both legally and factually sufficient to support the convictions in both
cases under the party-conspirator liability theory.
      All of appellant’s issues and the contentions made thereunder are overruled.
      The judgments are affirmed in both cases.


                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 27, 2000
Do not publish