COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-339-CR

JUSTIN THOMAS KELLEY
 APPELLANT

V.

THE STATE OF TEXAS                 STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

I.  I
ntroduction

Appellant Justin Thomas Kelley appeals his conviction for operating a motor vehicle in a public place while intoxicated.  In two issues, Kelley argues that the trial court erred by denying his motion to suppress and by refusing to properly instruct the jury on the law consistent with article 38.23 of the Texas Code of Criminal Procedure.  We will affirm.

I
I.  
Factual and Procedural Background

Late one night as Kelley drove down Fort Worth Drive in Denton County, he swerved, causing his Ford Explorer to hit a building on the side of the road.  Denton Police Officer Tom Birckbichler received a complaint about this accident and drove to the scene.  At the scene, Kelley approached Officer Birckbichler, said that he was the driver of the Explorer, and claimed that “something [had] passed in front of him” and had caused him to veer off the road.  Officer Birckbichler smelled alcohol on Kelley’s breath, noticed that Kelley’s speech was slurred and that Kelley seemed a little unsteady on his feet, and found no indication that anything had passed in front of Kelley.  Kelley admitted to having ingested some amount of alcohol. 

Officer Birckbichler then administered the horizontal gaze nystagmus field sobriety test to Kelley and observed that Kelley exhibited six out of a possible six clues of intoxication.  Officer Birckbichler then administered the “walk and turn” and “one-legged stand” tests, but Kelley was unable to complete either test.  Officer Birckbichler concluded that Kelley had lost the normal use of his mental and physical faculties and placed Kelley under arrest for driving while intoxicated (DWI). 

The State charged, and the grand jury indicted, Kelley for operating a motor vehicle in a public place while intoxicated.  Kelley filed a motion to suppress, arguing that his warrantless arrest was unlawful under article 14.01 of the Texas Code of Criminal Procedure because Officer Birckbichler did not observe Kelley driving a motor vehicle.  At the suppression hearing, Officer Birckbichler testified that he did not observe Kelley driving his motor vehicle; Kelley’s vehicle had crashed into the side of the building prior to Officer Birckbichler’s arrival at the scene.  The trial court denied Kelley’s motion to suppress. 

Subsequently, a jury found Kelley guilty of the offense of operating a motor vehicle in a public place while intoxicated, and the trial court assessed his punishment at twenty-one months’ probation, forty-two hours of community service, and a $700.00 fine.  This appeal followed. 

III.  M
otion to Suppress

In his first issue, Kelley argues that the trial court erred by denying his motion to suppress evidence; Kelley claims that his warrantless arrest was unlawful under article 14.01 of the Texas Code of Criminal Procedure because Officer Birckbichler did not observe Kelley drive a motor vehicle.

A. Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review. 
 Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.– Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
 State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
 Montanez v. State
, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.– Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact. 
 Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

Stated another way, when reviewing the trial court’s ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court’s ruling. 
 Kelly v. State
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). 

We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.  

B. Probable Cause for Arrest

The offense of DWI occurs when an individual (1) is intoxicated and (2) operates a motor vehicle in a public place.  
Tex. Pen. Code Ann. 
§ 49.04(a) (Vernon 2003).  Unless enhanced by previous convictions, this offense is a misdemeanor.  
Id.
 § 49.04(b).  In general, a peace officer may make a warrantless arrest for a misdemeanor only if the offense is committed in his view or presence.  
Tex. Code Crim. Proc. Ann. 
art. 14.01 (Vernon 2005).

But, whenever an intoxicated person is in an officer’s presence and the officer has probable cause to believe that the person is intoxicated to the degree that the person may endanger themselves or another, the officer may arrest the person for public intoxication, even though a warrantless arrest of the person for DWI would be unlawful.  
See, e.g., Jones v. State
, 949 S.W.2d 509, 515 (Tex. App.—Fort Worth 1997, no pet.).  When there is sufficient evidence to support a finding of probable cause to arrest a person for the offense of public intoxication committed in the officer’s presence, the arrest is not invalid just because the officer labels the offense “driving while intoxicated.”  
See, e.g., Warrick v. State
, 634 S.W.2d 707, 709 (Tex. Crim. App. [Panel Op.] 1982).

Here, although Officer Birckbichler testified that he did not observe Kelley drive his motor vehicle, his testimony concerning Kelley’s intoxication and conduct at the scene was sufficient to establish probable cause to believe that Kelley had committed the offense of public intoxication.  
See
 
Tex. Penal Code Ann.
 § 49.02(a) (Vernon 2006)
; Jones
, 949 S.W.2d at 515.  Because sufficient evidence supports a finding that Officer Birckbichler possessed probable cause to arrest Kelley for the offense of public intoxication, committed in officer Birckbichler’s presence, the arrest is not invalid simply because Officer Birckbichler labeled it as a DWI arrest.  
See Warrick
, 634 S.W.2d at 709.  Accordingly, viewing the entire record in the light most favorable to the trial court’s ruling, we hold that the trial court did not err by denying Kelley’s motion to suppress. 
 
We overrule Kelley’s first issue.

IV.  Jury Charge

In his second issue, Kelley argues that the trial court erred by refusing to properly instruct the jury on the law consistent with article 38.23 of the Texas Code of Criminal Procedure.  Specifically, Kelley argues that the trial court failed to instruct the jury to decide whether Officer Birckbichler had the right to arrest Kelley for DWI and that the trial court failed to instruct the jury about the effect of a determination that any evidence was unlawfully obtained.

A. Standard of Review

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id.
 at 731-32.  Error in the charge, if timely objected to in the trial court, requires reversal if the error was “calculated to injure the rights of [the] defendant,” which means no more than that there must be 
some
 harm to the accused from the error. 
 See
 
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 2006); 
see also Abdnor
, 871 S.W.2d at 731-32; 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  In other words, a properly preserved error will require reversal as long as the error is not harmless.  
Almanza
, 686 S.W.2d at 171.  In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Id.
; 
see also Ovalle v. State
, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).
 

B. Proper Jury Charge

A trial judge’s charge to the jury must set forth “the law applicable to the case.”  
Gray v. State
, 152 S.W.3d 125, 126-27 (Tex. Crim. App. 2004) (quoting 
Tex. Code Crim. Proc. Ann. 
art. 36.14 (Vernon 2007)).  The trial court must provide the jury with both an abstract statement of the law and an application of that abstract statement to the evidence in the case.  
Riley v. State
, 830 S.W.2d 584, 586-87 (Tex. Crim. App. 1992).  The trial court must also charge the jury “appropriately.”  
See
 T
ex. Code Crim. Proc. Ann.
 art. 38.22, § 7 (Vernon 2005).  In jury instructions addressing admissibility of evidence, what is “appropriate” is largely left up to the discretion of the trial court, within the mandates of articles 38.22 and 38.23 of the Texas Code of Criminal Procedure.
  
Mendoza v. State
, 88 S.W.3d 236, 240 (Tex. Crim. App. 2002).

Article 38.23 of the Texas Code of Criminal Procedure mandates that any illegally obtained evidence is inadmissible against the accused. 
 Tex. Code Crim. Proc. Ann
. art. 38.23(a) (Vernon 2005).  
If a defendant successfully raises factual disputes over whether evidence was illegally obtained, inclusion of a properly worded article 38.23 instruction is mandatory.  
Bell v. State
, 938 S.W.2d 35, 48 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997).  Article 38.23 requires that the trial court instruct the jury to disregard any evidence it believes to have been, or has a reasonable doubt as to whether the evidence was, illegally obtained. 
 Tex. Code Crim. Proc. Ann
. art. 38.23(a)
; Mendoza
, 88 S.W.3d at 239.

C. The Jury Charge

The jury charge given in this case began by defining the offense of DWI and stating the burden of proof.  The charge then accurately stated the law under article 14.01(b) (addressing the authority of a peace officer to arrest) and article 38.23 (addressing the admissibility of improperly obtained evidence), and it also gave a definition of probable cause.  The jury charge then applied these abstract statements of law to this case by stating, 

Now, therefore, bearing in mind the foregoing instructions, if you find from the evidence the arresting officer did not have, or if you have a reasonable doubt that the arresting officer had, probable cause to arrest [Kelley] for an offense, you are instructed to disregard any evidence which you find was obtained in violation of the provisions of Texas law. 

D. Proper Instruction on Valid Arrest

Initially, Kelley asserts that the trial court issued an erroneous article 38.23 jury instruction because the instruction failed to address the issue of whether Officer Birckbichler had the right to arrest Kelley for DWI despite not seeing Kelley driving a vehicle. Kelley sought to have language included in the charge stating that Officer Birckbichler needed to actually have seen Kelley driving the Explorer in order to arrest him for DWI.  But as we have previously held, Officer Birckbichler needed only probable cause to arrest Kelley for some offense and here Officer Birckbichler had probable cause to arrest Kelley for public intoxication.  Thus, Officer Birckbichler did not need to have actually observed Kelley driving the Explorer in order to arrest him.
  See Lopez
 
v. State 
936 S.W.2d 332, 333 (Tex. App.— San Antonio 1996, no pet.). 

The trial court instructed the jury on the law applicable to DWI, police arrests, and probable cause, as it was required to do.  
See
 
Hanks 
104 S.W.3d 695, 701 (Tex. App.—El Paso 2003), 
aff’d
, 137 S.W.3d 668 (Tex. Crim. App. 2004). 
 Accordingly, the trial court appropriately charged the jury with an abstract statement of the applicable law and an application of that abstract statement to the evidence in Kelley’s case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.22, § 7; 
Riley
, 830 S.W.2d at 586-87.  For these reasons, we hold that the trial court did not err by failing to include Kelley’s proposed jury instructions.  We overrule this portion of Kelley’s second issue. 

E. Proper Instruction on Illegally Obtained Evidence

In the second part of this issue, Kelley contends that the trial court should have instructed the jury that if they found that his arrest was illegal, then they must either disregard specific evidence or return a verdict of acquittal.

In general, a jury charge must instruct the jury under what circumstances they should convict and under what circumstances they should acquit
.  See Gray
, 152 S.W.3d at 126-27. 
 
Where the entirety of the State’s case rests on the validity of an arrest, then the trial court should instruct the jury to render a verdict of acquittal if it finds the arrest was illegal.  
Cf.
, 
e.g.
, 
Reynolds v. State,
 
967 S.W.2d 493, 495 (Tex. App.—Houston [1st Dist.] 1998), 
aff’d
, 4 S.W.3d 13 (Tex. Crim. App. 1999) (upholding a trial court’s instruction to render a verdict of acquittal where 
all
 
incriminating evidence was obtained 
after 
a potentially illegal traffic stop).  

Although a trial court may instruct the jury to disregard specific pieces of evidence if obtained illegally, 
see
, 
e.g.
, 
Hanks
 104 S.W.3d at 701, calling the jury’s attention to specific pieces of evidence may also constitute a comment on the weight of the evidence, 
Mendoza
, 88 S.W.3d at 240. 
 Cf. Reynolds
, 967 S.W.2d at 495 (upholding a trial court’s instruction that did not mention specific evidence).  Thus, what is appropriate is left to the discretion of the trial court as long as the instruction falls within the mandates of article 38.23. 
 See Mendoza
, 88 S.W.3d at 240
.

Here, the entirety of the State’s case does not rest on the validity of the arrest.  Officer Birckbichler observed much of the incriminating evidence, such as Kelley’s slurred speech, unsteady movements, and failed field sobriety tests, prior to arresting Kelley.  Considering Officer Birckbichler’s testimony, the jury, even if it disregarded evidence obtained after Kelley’s arrest, would still have had evidence on which to base its conviction of Kelley.  Thus, any instruction to render a verdict of acquittal would have been error. 

Despite Kelley’s contention that the jury was not instructed to disregard the evidence, the plain language of the charge indicates the opposite.  The charge included the following instruction:  “[Y]ou are instructed to disregard any evidence which you find was obtained in violation of the provisions of Texas law.”  In addition to this instruction, the charge also contains language identical to the provisions of article 38.23.  The trial court was not required to instruct the jury to disregard specific pieces of evidence obtained by Officer Birckbichler because the charge fell within the mandates of article 38.23.  
See Mendoza
, 88 S.W.3d at 240.

After reviewing the record, we hold that the trial court did not err by issuing the jury charge.  The charge properly stated the law applicable to DWI, police arrests, probable cause, and exclusion of evidence and applied these abstract statements of law to Kelley’s case within the mandates of article 38.23 of the Texas Code of Criminal Procedure.
  
See Gray
, 152 S.W.3d at 126-27; 
Riley
, 830 S.W.2d at 586-87;
 Mendoza
, 88 S.W.3d at 240.  Accordingly, we overrule this portion of Kelley’s second issue.

V.  Conclusion 

Having overruled all of Kelley’s issues, we affirm the trial court’s judgment. 

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 6, 2007 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.