**Brad Alan HOLMBERG, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–95–01199–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 23, 1996.

Paul Nugent, Houston, for Appellant.

John B. Holmes, Jr., Alan Curry, Mike Trent, Houston, for Appellee.

Before ANDELL, TAFT and PRICE,[1] JJ.

## OPINION

TAFT, Justice.

Appellant, Brad Alan Holmberg, appeals the denial of relief on his application for writ of habeas corpus. The issue in this case is whether a finding by an administrative judge—that officers did not have reasonable suspicion to stop appellant for driving while intoxicated (DWI)—constitutes a bar to prosecution for DWI on the basis of collateral estoppel. We hold that it does not.

### Facts

On February 4, 1995, a Houston police officer arrested appellant for DWI. After the arrest, an administrative judge conducted a license revocation hearing in which the Department of Public Safety attempted to suspend appellant's driver's license because appellant had refused a breath test. During the hearing, the arresting officer testified as to his reasons for stopping and arresting appellant. At the conclusion of the hearing, the administrative judge ruled that the officer did not have reasonable suspicion or probable cause to stop appellant and arrest him.

In the meantime, the State filed charges in county criminal court alleging appellant committed the offense of DWI. After his success at the administrative hearing, appellant filed his application for a writ of habeas corpus claiming that, based upon the prior finding of no probable cause to arrest, the doctrine of collateral estoppel prevented the State from prosecuting appellant for DWI. The trial court denied relief.

### Collateral Estoppel

In three related points of error, appellant contends the administrative judge's determination of no probable cause to arrest precludes a subsequent prosecution for DWI in county criminal court because of collateral estoppel.

This Court recently addressed the same issues in *Ex parte Ayers*, 921 S.W.2d 438 (Tex.App.—Houston [1st Dist.] 1996, no pet. h.). Appellant acknowledges *Ayers*, but distinguishes it for its reliance upon *Neaves v. State*, 767 S.W.2d 784 (Tex.Crim.App.1989), a case decided under the former license revocation scheme. Appellant's position is that because the new scheme allows for a full and fair hearing before a lawyer appointed as administrative judge with both sides represented by counsel, a finding of no probable cause in the administrative hearing precludes prosecution for DWI in the county court.

 The key to the application of collateral estoppel provided in *Neaves*, however, was not dependent on the procedure, but rather on the basis that "the 'issue[s] of ultimate fact' are, nevertheless, different" between the two proceedings. 767 S.W.2d at 787. In the license revocation hearing,

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas, sitting by assignment.

probable cause to arrest is an ultimate fact. It is one of the elements that the State must prove in order to successfully revoke a driver's license. However, in a DWI prosecution, probable cause to arrest is not an element of the offense; it is part of a suppression hearing. A motion to suppress evidence is merely a specialized objection to the admissibility of evidence. *Galitz v. State*, 617 S.W.2d 949, 952 n. 10 (Tex.Crim. App.1981); *Montalvo v. State*, 846 S.W.2d 133, 137–38 (Tex.App.—Austin 1993, no pet.).

We are unaware of any double jeopardy application to rulings on the admissibility of evidence. Counsel for appellant was given opportunity to present this Court with authority for such a proposition; no authority has been presented.

Because *Neaves* did not rely on the nature of the revocation procedure, but rather upon the rationale that the ultimate facts were different in the two proceedings, we see no reason not to apply the rationale of *Neaves* to this case, as this Court did in *Ayers*. Accordingly, we overrule points one through three. We affirm the judgment of the trial court.