**Ex parte Steven A. WILKINSON, Appellant.**

No. 04–96–01011–CR.

Court of Appeals of Texas, San Antonio.

May 30, 1997.

Rehearing Overruled July 9, 1997.

Stephanie L. Stevens, San Antonio, for appellant.

Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, for appellee.

Before HARDBERGER, C.J., and RICKHOFF and ANGELINI, JJ.

HARDBERGER, Chief Justice.

This is a pre-trial habeas corpus appeal of a trial court's ruling that an administrative law judge's finding of no probable cause did not operate as a bar to appellant's subsequent prosecution for driving while intoxicated. We affirm.

### Procedural History

Wilkinson was stopped while driving with an open container on December 25, 1995. He was arrested and refused to take a breathalyzer test. The Texas Department of Public Safety (DPS) duly notified him of the resulting license suspension. That action, however, was stayed when Wilkinson requested a hearing. At the administrative license revocation (ALR) hearing, the administrative law judge heard evidence and ruled that DPS did not prove by a preponderance of the evidence that probable cause existed that Wilkinson was intoxicated while driving his vehicle in a public place (DWI). His license was not suspended.

In the subsequent prosecution for DWI, Wilkinson filed a petition for writ of habeas corpus alleging that the licensing hearing involved an issue of ultimate fact in common with this prosecution—the probable cause to arrest issue. Judge Garrahan granted writ and denied relief. On appeal Wilkinson asserts the trial court erred in holding that collateral estoppel does not operate as a bar to Wilkinson's subsequent prosecution for DWI.

### Standard of Review

■ The decision of the trial court to grant or deny habeas corpus relief is a matter of discretion and the exercise of that discretion will not be disturbed on appeal unless it evidences clear abuse. *Ex parte Ayers,* 921 S.W.2d 438, 441 (Tex.App.—Houston [1st Dist.] 1996, no pet.). Evidence of clear abuse is shown where the trial court acted without reference to any guiding principles or rules. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990). When reviewing a writ of habeas corpus, we give great deference to the trial court's findings and conclusions, and view the evidence in the light most favorable to its ruling. *McCulloch v. State,* 925 S.W.2d 14, 15–16 (Tex.App.—Tyler, pet.ref'd), *cert. denied,* —— U.S. ——, 116 S.Ct. 477, 133 L.Ed.2d 406 (1995).

### Collateral Estoppel

■ Collateral estoppel, as defined by the United States Supreme Court, means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). A number of Texas courts have held that this doctrine does not apply when one of the proceedings is an administrative proceeding. *See, e.g., Ex parte Pipkin,* 935 S.W.2d 213, 216 (Tex.App.—Amarillo 1996, pet. filed)

(ALR, a civil proceeding, remedial in nature, has no effect on a criminal prosecution); *Ex parte Poplin,* 933 S.W.2d 239, 245 (Tex. App.—Dallas 1996, pet. filed) (ALR not criminal proceeding, double jeopardy protections of constitution not applicable). And in this case, the Legislature has expressly provided that an administrative law judge's findings at a driver's license suspension hearing following a person's refusal to take a breathalyzer test will not bar a subsequent prosecution for DWI. TEX. TRANSP. CODE ANN. § 724.048(a)(3) (Vernon Pamph.1997).

The administrative hearing was conducted pursuant to TEX. TRANSP. CODE ANN. § 724.031–.064.[1] The issues at the ALR hearing pertinent here are: (1) whether reasonable suspicion or probable cause existed to stop or arrest the person; and (2) whether probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated. *See id.* at § 724.042(1) & (2). The administrative law judge found probable cause to stop Wilkinson but no probable cause to arrest Wilkinson for DWI.

■ Section 724.048 is determinative of the collateral estoppel issue. It states:

(a) The determination of the department or administrative law judge:

(1) is a civil matter;

(2) is independent of and is not an estoppel as to any matter in issue in an adjudication of a criminal charge arising from the occurrence that is the basis for the suspension or denial; and

(3) does not preclude litigation of the same or similar facts in a criminal prosecution.

*Id.* at § 724.048 (eff.9/1/95). Appellant's counsel does not address the new transportation code in her brief.

Wilkinson begins with the assumption that the issue of whether an officer had probable cause to arrest him is an ultimate issue in both the license revocation proceeding and in a DWI prosecution. It clearly is an ultimate issue in license revocation. Because probable cause to arrest is a key issue in a suppression of evidence hearing, Wilkinson argues that the issue should be barred from relitigation in the DWI proceeding.

Several courts have held that the issue of probable cause to arrest, while an ultimate fact in an ALR proceeding is not an ultimate fact in a DWI case. *See Neaves v. State,* 767 S.W.2d 784, 787 (Tex.Crim.App.1989); *Ex parte Culver,* 932 S.W.2d 207, 212 (Tex. App.—El Paso 1996, pet. ref'd); *Holmberg v. State,* 931 S.W.2d 3, 5 (Tex.App.—Houston [1st Dist.] 1996, pet. filed) (concerning § 724.031 et seq.); *State v. Aguilar,* 901 S.W.2d 740, 742 (Tex.App.—San Antonio 1995, pet. granted) (decided under former ALR statute, held state did not prove administrative hearing amounted to a judicial proceeding); *State v. Brabson,* 899 S.W.2d 741, 745 (Tex.App.—Dallas 1995, pet. granted); *cf. Ex parte McFall,* 939 S.W.2d 799, 801 (Tex.App.—Fort Worth 1997, no pet.) (negative ALR finding on issue of probable cause to stop does not collaterally stop DWI prosecution).

Wilkinson takes the position that cases decided under the old ALR statute are inapplicable because that procedure did not permit a full blown hearing while ALR proceedings under the new transportation code are held before a lawyer-ALJ, DPS is represented by a lawyer, and both parties are permitted to present evidence. He cites to our opinion in *Aguilar,* decided in 1995 under the old statute, where a hearing on license revocation had been conducted by a municipal court judge, the Department of Public Safety was not represented by counsel, and no witnesses were presented. Our focus in that case was that the *Aguilar* administrative proceeding did not amount to a "judicial proceeding in 'which the parties have had an adequate opportunity to litigate.'" *Aguilar,* 901 S.W.2d at 742 (quoting *Utah Constr. & Mining Co.,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966)). Wilkinson argues that with the full and fair hearing procedures implemented by the new transportation code, we must now recognize the implications of the doctrine of collateral estoppel that ALR proceedings place on subsequent DWI prosecutions.

The First Court of Appeals has rejected this analysis stating that "the key to the application of collateral estoppel provided in

---

1. Appellant has not provided us with a statement of facts from the ALR hearing.

*Neaves* was not dependent on the procedure, but rather on the basis that 'the issue[s] of ultimate fact are, nevertheless, different' between the two proceedings." *Holmberg,* 931 S.W.2d at 4. That court focused on the fact that the issue of probable cause to arrest, while an essential element in a license revocation proceeding is not an element of a DWI offense. *Id.* at 4–5; *accord Ex parte McFall,* 939 S.W.2d at 800.

Wilkinson also argues that he is entitled to a jury issue on probable cause under art. 38.23 of the code of criminal procedure and this should preclude the State from relitigating it. *Holmberg* held that probable cause to arrest in a DWI proceeding is not an ultimate fact, but merely part of a suppression hearing proceeding—a special objection to the admissibility of evidence. The Houston court concluded that double jeopardy (with its collateral estoppel implications) does not apply to rulings on the admissibility of evidence. *Id.* at 5 (finding no case authority applying double jeopardy protection to evidentiary rulings). Thus, the ultimate facts between these two proceedings are different. *Id.* We agree with our sister court of appeals and find that collateral estoppel is not applicable in this case. The trial court correctly denied habeas corpus relief. The judgment of the trial court denying the relief requested is affirmed.