**Calvin Joseph REYNOLDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00779–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 9, 1998.

Robert G. Tanner, Houston, for Appellant.

John B. Holmes, Dan McCrory, Houston, for Appellee.

Before COHEN, WILSON and HEDGES, JJ.

**OPINION**

HEDGES, Justice.

A jury found appellant guilty of driving while intoxicated (DWI) and assessed punishment at a fine of $300 and 180 days in jail, probated for one year. On appeal, appellant contends that the trial court erred (1) in denying his motion to suppress, (2) in giving an incomplete charge, and (3) in including an extraneous instruction in the charge. We affirm.

## FACTS

On December 22, 1995, Houston Police Department (HPD) Officer Walsh stopped appellant after noticing that appellant was speeding and was unable to maintain a single lane of traffic. Walsh smelled alcohol on appellant, noticed that his eyes were bloodshot, his speech was slurred, and his balance was unstable. After appellant failed the standard field sobriety tests, Walsh arrested him. Appellant refused a breath test.

At an administrative license revocation hearing, the administrative law judge entered a finding of fact that the Department of Public Safety did not prove that there was a reasonable suspicion to stop appellant and declined to suspend appellant's license. At his trial for DWI, appellant filed a motion to suppress based on the administrative law judge's determination. The trial court denied the motion.

## WAIVER

At the outset, we note that the State contends that appellant has waived all of his points of error because the record on appeal does not include the reporter's record of the closing arguments during the guilt innocence phase and the reporter's record of the punishment phase. We hold that the record is sufficient for us to address the merits of appellant's points of error.

## MOTION TO SUPPRESS

■ In point of error one, appellant contends that the trial court erred in denying his motion to suppress, based on the administrative law judge's finding that the police had no reasonable suspicion to stop him. He argues that the doctrine of collateral estoppel barred the trial judge from relitigating the issue decided by the administrative law judge: that the officer had no legal basis to stop appellant. He contends that based on that finding, the trial judge had no choice but to grant the motion to suppress. We disagree.

We hold that the State is not collaterally estopped from relitigating the issue of reasonable suspicion to stop at the suppression hearing in the criminal prosecution. State v.

Brabson, 966 S.W.2d 493 (Tex.Crim.App. 1998).

We overrule point of error one.

## INCOMPLETE CHARGE

■ In point of error two, appellant contends that the trial court erred in giving an incomplete charge under TEX.CODE CRIM. P. ANN. art. 38.23 (Vernon Supp.1998). Appellant concedes that the trial court correctly charged the jury that it should not consider evidence obtained from appellant's stop if no reasonable suspicion existed. His complaint is that the charge was incomplete because it did not include certain introductory language from article 38.23.

■ Review of alleged jury charge error requires that an appellate court make a twofold inquiry: (1) whether error exists in the jury charge, and (2) whether sufficient harm was caused by the error to require reversal. Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim.App.1994).

Appellant requested the following instruction based on article 38.23(a):

You are instructed that no evidence obtained by an officer or other persons in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

The trial court denied his request and instead included the following instruction in the charge:

You are further instructed that an officer is permitted, however, to make a temporary investigative detention of [a] motorist if the officer has a reasonable suspicion that some activity out of the ordinary is occurring or has occurred, that the person detained is connected with such activity, and that there is some indication that the activity is related to crime or a criminal offense.

. . .

Now, bearing in mind these instructions, if you find from the evidence that on the occasion in question police officer J.P. WALSH did not have a reasonable suspi-

cion to believe that the defendant, CALVIN JOSEPH REYNOLDS, was either driving at a speed greater than thirty-five (35) miles per hour on a portion of roadway with a posted speed limit of thirty-five (35) miles per hour or had failed to drive as nearly as practical entirely within a single lane immediately preceding the Defendant's stop and detention by the officer, or if you have a reasonable doubt thereof, you will disregard any and all evidence obtained as a result of the defendant's arrest by Officer J.P. WALSH and you will not consider such evidence for any purpose whatsoever. Further, since you will have no further evidence to consider, you shall return a verdicr [sic] of "Not Guilty."

These instructions are sufficient to comport with the requirements of article 38.23(a). The jury was clearly instructed that it had to find that the officer had reasonable suspicion to stop appellant before it could consider any evidence obtained as a result of the stop. The trial court did not err in charging the jury.

Appellant erroneously relies on *Hutch v. State*, 922 S.W.2d 166, 169 (Tex.Crim.App. 1996), for the proposition that the trial court should have included in the charge the statutory language contained in article 38.23. In *Hutch*, the Court of Criminal Appeals held that the application paragraph in the charge included a clearly erroneous statement of the law. *Hutch*, 922 S.W.2d at 172. The erroneous charge happened to include the article 38.23(a) language that appellant requested and did not obtain. Nowhere in *Hutch*, however, does the court require that the specific article 38.23 language appellant requested be mandatorily included in the charge.

We overrule point of error two.

### EXTRANEOUS INSTRUCTION

In point of error three, appellant contends that the trial court erred in instructing the jury that appellant's failure "to drive as nearly as practical within a single lane" could constitute possible grounds for reasonable suspicion to stop him. He argues that this instruction is not supported by the evidence because Officer Walsh limited his basis for the stop to appellant's "traveling over the posted speed limit." Appellant ignores Walsh's earlier testimony, in which he states that in addition to observing appellant speeding, he also observed appellant crossing into other lanes at times. Based on this evidence, the trial court properly included the instruction on maintaining a single lane of traffic.

We overrule point of error three.

We affirm the judgment of the trial court.

WILSON, J., concurring.

COHEN, J., dissenting.

WILSON, Justice, concurring.

The United States Supreme Court defined collateral estoppel in *Ashe v. Swenson*: "It means simply that when an *issue of ultimate fact* has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970) (emphasis added). While probable cause to arrest is an issue of ultimate fact in a license revocation case, it is not an issue of ultimate fact in a driving while intoxicated (DWI) case. *Neaves v. State*, 767 S.W.2d 784, 786–87 (Tex. Crim.App.1989). We followed *Neaves* in *Holmberg v. State*, 931 S.W.2d 3, 4–5 (Tex. App.—Houston [1st Dist.] 1996, no pet.). In *Holmberg*, we observed that probable cause to arrest is not an element of DWI; rather, it is part of a suppression hearing. *Id.* at 5. We reasoned that because a motion to suppress evidence is merely a specialized objection to the admissibility of evidence, there are no double jeopardy consequences to such a ruling. *Id.* Our holding was that collateral estoppel did not preclude a DWI prosecution after a finding against the State on the ultimate fact issue of probable cause in a license revocation hearing because probable cause is not an ultimate fact issue in a DWI prosecution. *Id.*

The dissenting opinion's position in this case is based on the concept that probable cause is an ultimate fact issue in a motion to suppress hearing. This position conflicts with the notion that a motion to suppress is merely a specialized objection to the admissibility of evidence. *See Galitz v. State*, 617

S.W.2d 949, 952 n. 10 (Tex.Crim.App.1981); *Montalvo v. State*, 846 S.W.2d 133, 137–38 (Tex.App.—Austin 1993, no pet.). A ruling on the admissibility of evidence is a preliminary question, not an issue of ultimate fact. *See* TEX. R. CRIM. EVID. 104 (entitled "Preliminary Questions" and dealing with questions of admissibility).

As in *Neaves*, the fact that probable cause is not an issue of ultimate fact in a DWI prosecution is dispositive of appellant's collateral estoppel claim without examining matters such as whether the State had a full and fair opportunity to litigate the issue in the first proceeding. 767 S.W.2d at 786. Accordingly, I would hold that appellant's collateral estoppel claim fails because even though probable cause is a determinative issue in a suppression hearing, it is not an ultimate issue of fact.

Therefore, while I join the majority opinion's reliance on *State v. Brabson*, 966 S.W.2d 493 (Tex.Crim.App.1998), this concurring opinion expresses an additional reason for overruling point of error one.

COHEN, Justice, dissenting.

I disagree with the majority concerning point of error one. I would sustain it and hold that the trial judge erred by not granting appellant's motion to suppress based on collateral estoppel.

For several reasons, I believe that this case is not controlled by *State v. Brabson*, 966 S.W.2d 493 (Tex.Crim.App.1998). Eight months before *Brabson*, the court decided *State v. Aguilar*, 947 S.W.2d 257 (Tex.Crim. App.1997). In *Aguilar*, the Court of Criminal Appeals stated that "the Court of Appeals was correct in finding that the doctrine of collateral estoppel might, in principle, bar the State from relitigating fact issues found in a previous administrative license revocation proceeding...." *Id.* at 261. Although *Brabson* generated four opinions, only the dissenting opinion mentioned *Aguilar.* Thus, despite the holding in *Brabson*, *Aguilar* has not been distinguished or overruled, at least expressly. Because the statement quoted above from *Aguilar* was obviously important, to Texas law, because the *Brabson* holding rests on at least one basis that had nothing to do with the issues in *Aguilar*, and because I doubt that a Court of Criminal Appeals intent on rapidly abandoning *Aguilar* would not do so expressly, I would decline to hold that *Aguilar* was implicitly overruled in *Brabson*.

One reason for the *Brabson* holding was that the controlling statute did not authorize the administrative law judge to make the finding on probable cause to arrest that Brabson then sought to use as a collateral estoppel bar. At 496. As the *Brabson* court noted, that statute has now changed. The new statute, which controls this case, authorizes the administrative law judge to find whether "reasonable suspicion or probable cause existed to stop or arrest the person." *Brabson*, at 497 n. 6 (citing TEX. TRANSP. CODE ANN. § 724.042(1) (Vernon Pamph. 1998)). It is hardly surprising for *Brabson* to hold that if an administrative law judge makes unauthorized findings, those unauthorized findings will not constitute a collateral estoppel bar. *See Church v. State*, 942 S.W.2d 139, 140 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd) (refusing to give collateral estoppel effect to a finding of fact that was outside the ALJ's power to adjudicate). That has no bearing on this case, of course, because this administrative law judge had authority to find that police lacked reasonable suspicion to stop appellant.

The *Brabson* court held, however, that this did not matter because the legislature has so stated. The court noted that "the legislature has expressly provided that the determination of the administrative judge 'does not preclude litigation of the same or similar facts in a criminal prosecution.' *See* TEX. TRANSP. CODE ANN. § 724.048(a)(3) (Vernon Pamph. 1998)...:" At 497 n. 6. Section 724.048(a)(3) is the same as the statute in *State v. Aguilar*, 947 S.W.2d at 261 n. 5. It is also the same as the now repealed TEX. REV.CIV. STAT. ANN. art. 6687b–1, § 5(d),[1] which this Court declared unconstitutional in *Arnold v. State*, 920 S.W.2d 704, 708 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). I

---

1. Act of Jan. 19, 1993, 73rd Leg., R.S., ch. 866, § 1, 1993 Tex. Gen. Laws 3516, 3517.

believe these statutes are all unconstitutional for the same reason. When, as here, we are dealing with an issue of constitutional law, "It is emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 176, 2 L.Ed. 60 (1803).

The *Brabson* court held that these statutes are valid, citing United States Supreme Court authority that "Congress may provide by statute that common-law collateral estoppel principles do not apply to findings of administrative agencies acting in a judicial capacity." *Brabson,* at 497 n. 6. I doubt that that principle controls this case. I doubt that we are dealing here with common-law collateral estoppel that Congress or the Texas Legislature may declare inapplicable. In *Aguilar,* the court said it was dealing with collateral estoppel as "given effect through the double jeopardy clause. . . ." *Aguilar,* 947 S.W.2d at 259. *Contra Brabson,* at 495 n. 2.

Yet another basis for the *Brabson* holding is that the issue of probable cause for arrest is not an ultimate fact, and therefore, a finding of no probable cause could not generate a collateral estoppel bar. At 497. I agree that in *Brabson,* probable cause was not an ultimate fact before the administrative law judge; it was not even an issue within his power to decide. But the opposite is true here. It was an ultimate issue here because the statute changed and authorized the administrative law judge to decide it. Probable cause was also an ultimate issue at appellant's motion to suppress hearing, although not an element of the driving while intoxicated (DWI) offense. I have always assumed that we limited collateral estoppel to findings of ultimate fact in order to guarantee that we barred relitigation only of issues actually litigated in the first proceeding. If that is our policy, it was followed in this case. The

administrative law judge found an ultimate fact in the hearing before him.[2]

The final basis for the *Brabson* opinion concerns me the most. It is that collateral estoppel does not apply because the Texas Department of Public Safety and the Dallas County District Attorney are not "the same parties." At 496. I believe they are not parties at all. They are different parts of the executive branch of the State of Texas.[3] The *Brabson* opinion states that an underlying principle of collateral estoppel is that "a party should have an opportunity to litigate an issue of ultimate fact" and "the Dallas County District Attorney had no opportunity to litigate the issue of probable cause for appellee's arrest in the administrative proceeding. . . ." At 496 n. 4. The Dallas County District Attorney did not have that opportunity. The Dallas County District Attorney is simply that, a lawyer. His client, the State of Texas, was the party, and it had notice and motive to aggressively prosecute the issue of ultimate fact in the license revocation proceeding, just as it might do by and through its lawyer, the Dallas County District Attorney, in the DWI case. The concurring opinion in *Brabson* elaborates on this theme. It emphasizes that Texas is big and its government decentralized. This is surely true, as it is of almost every other state. In fact, only authority from other states, not from Texas, is cited for this proposition in *Brabson.* Such a holding is, in my opinion, at least questionable under *Waller v. Florida,* 397 U.S. 387, 394–95 90 S.Ct. 1184, 1188–89, 25 L.Ed.2d 435 (1970).

I would follow *Aguilar,* sustain the first point of error, reverse the judgment, and remand the cause.

---

**2.** The Court of Criminal Appeals has stated that collateral estoppel applies to evidentiary facts, as well as to ultimate facts. *Dedrick v. State,* 623 S.W.2d 332, 336 (Tex.Crim.App.1981) ("Facts so established in the first trial may not be used in the second trial as ultimate or as evidentiary facts."). That statement seems broader than the holding in *Dedrick,* which concerned the ultimate fact of identity. *Id.* at 336 n. 1. Moreover, such a holding regarding evidentiary facts would be

doubtful. *See Grady v. Corbin,* 495 U.S. 508, 521–22, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990) (inquiry is what conduct the State must prove, not the evidence it will use), *overruled by United States v. Dixon,* 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993).

**3.** *Contra State ex rel. Hill v. Pirtle,* 887 S.W.2d 921, 928 (Tex.Crim.App.1994) (plurality opinion).