Opinion issued April 28, 2005










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00496-CR




RONALL FLOYD MITCHELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 13
Harris County, Texas
Trial Court Cause No. 1197507




 MEMORANDUM OPINION
          A jury found appellant, Ronall Floyd Mitchell, guilty of the offense of driving
while intoxicated (“DWI”). The trial court assessed punishment at 180 days in jail,
suspended the sentence and placed appellant on community supervision for one year,
and assessed a $600 fine. In his first of three points of error, appellant asserts that the
trial court erred in overruling his objection to the jury charge because the article
38.23(a) instruction given “was not tied to the facts of the case.” In his second and
third points of error, appellant asserts that the evidence was legally and factually
insufficient to prove that he “had lost the normal use of his mental and physical
faculties at the time he was operating a motor vehicle.” We affirm.
BACKGROUND
           Appellant and his fiancée, Tammy Fierro, testified that, on October 3, 2004,
they had participated in a chili cook-off at the Pasadena Rodeo, that they had been
drinking beer during the day, but that they did not know the amount of beer appellant
had consumed. Appellant testified that he stopped drinking beer at 11:00 p.m. Fierro
testified that he did not drink any more beer after midnight. Greg Hebert, who was
part of appellant’s “cooking team,” testified that appellant drank beer during the day,
but not after midnight, and seemed “fine” to drive.
          Sergeant Danny Rouen, with the Deer Park Police Department, testified that
he saw appellant driving a blue pickup truck on Center Street at 1:24 a.m. on October
4, 2004. According to Rouen, appellant’s truck was in the outside lane of two
northbound lanes when Rouen saw the tires of appellant’s truck strike the curb then
veer into the inside lane. Rouen testified that he determined at that point that
appellant had committed a traffic offense by failing to maintain a single lane of
traffic. Rouen stated that he followed appellant’s truck and saw it weave within one
lane, move between lanes multiple times without signaling, and travel straddling the
center line between the two lanes. 
          Rouen turned on his patrol car’s emergency lights, but appellant did not stop
for some time.


 Rouen testified that, once appellant did stop, Rouen noticed that
appellant’s eyes were red and glassy and that his breath smelled strongly of alcohol. 
Rouen said he administered standard field sobriety tests. Rouen testified that it was
his opinion, based on the results of the sobriety tests, his observations of appellant’s
behavior, and his training and experience, that appellant “had lost control of his
mental and physical faculties and was intoxicated.” Rouen informed appellant that
he thought appellant was intoxicated and, according to Rouen’s testimony, appellant
replied, “I may be intoxicated, but I’m not drunk.” 
          Regarding his statement to Rouen, appellant testified, “If my memory serves
me right, I said, ‘I may be intoxicated, but I’m not drunk, by no means.’” Appellant
testified that when he was driving that morning he was sleep-deprived and fatigued
from cooking all day. He also stated that his history of injuries and operations on
both his knees may have made it difficult for him to pass the sobriety tests. Appellant
admitted, however, that Rouen had asked him if he had any physical impairments
before administering the tests, and that he had replied that he had none. He testified
that he refused to take a breathalyzer test because, “I don’t believe in that, period,
bottom line; I just don’t believe in taking a breath test, you know.” Appellant denied
that the truck ever hit the curb, but did not deny that the truck moved between the
outside and inside lanes.
          Fierro and appellant both testified that Fierro demanded that appellant delay
pulling over in order to give them time to re-clothe themselves. Fierro testified that
their activity, while both were partially disrobed, was the reason the truck veered
from lane to lane and was weaving. According to Fierro, appellant’s eyes were
normally bloodshot, and the smoke from the cook-off had made them even more
bloodshot than usual. Fierro testified that she never felt the truck hit the curb and that
she was not so preoccupied that she would not have noticed such an occurrence. 
Fierro did not deny that the truck moved between the outside and inside lanes.DISCUSSION
Article 38.23(a) instruction
          In his first issue, appellant asserts that the trial court erred in overruling his
objection to the jury charge because the article 38.23(a) instruction given “was not
tied to the facts of the case.”


 The instruction submitted in the jury charge read, in
pertinent part, 
Now, bearing in mind these instructions, if you find from the evidence
that on the occasion in question Officer Rouen did not have a reasonable
suspicion to believe that defendant, Ronall Floyd Mitchell, struck a curb
or weaved outside of his lane, or if you have a reasonable doubt thereof,
then such stopping of the accused would be illegal . . . you will
disregard the testimony of the officer . . . and you will not consider such
evidence for any purpose whatsoever. 
 
Appellant submitted the following proposed article 38.23(a) instruction:
 Now, bearing in mind these instructions, if you find from the evidence
that on the occasion in question Officer Rouen did not have a reasonable
suspicion to believe that defendant, Ronall Floyd Mitchell, failed to drive
in a single marked lane by evidence that: (a) a person, namely this
defendant, Ronall Mitchell, (b) drove or operated (c) a motor vehicle (d)
within a single marked lane, and (e) moves from that lane without first
ascertaining that such movement can be made with safety, or if you have
a reasonable doubt thereof, then such stopping of the accused would be
illegal . . . you will disregard the testimony of the officer . . . and you will
not consider such evidence for any purpose whatsoever.
 
The trial court denied the appellant’s requested instruction.
          1.       Standard of Review
          When reviewing a trial court’s jury instructions, we first determine whether the
jury charge was erroneous. Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App.
1996); Reynolds v. State, 967 S.W.2d 493, 494 (Tex. App.—Houston [1st Dist.]
1998), aff’d, 4 S.W.3d 13 (Tex. Crim. App. 1999). When we review a charge for
error, we examine the charge as a whole instead of as a series of isolated and
unrelated statements. Dinkins v. State, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). 
2.Error Analysis
          On appeal, appellant contends that the phrase “struck a curb or weaved outside
of his lane,” in the 38.23(a) instruction is not related to the facts of the case because
Rouen testified that his “probable cause” for stopping appellant was solely the failure
to stay within a single marked lane, rather than appellant’s truck’s striking a curb. 
The factual basis of appellant’s contention—that Rouen did not testify that
appellant’s striking the curb was part of the basis for his reasonable suspicion—is not
supported by the record. In fact, Rouen testified that appellant “had failed to maintain
a single lane by striking the curb, which, obviously, is not in the lane; and then when
he overcompensated and went across the line into the inside lane from the outside
lane, he again failed to maintain a single lane.” From this testimony it is clear that
Rouen testified to at least two instances of appellant’s failure to maintain a single
lane—one involving striking the curb, and another involving overcompensating,
which caused appellant to “weave outside of his lane.”
          We note that appellant and Fierro did not challenge, and in fact admitted, that
appellant’s truck was weaving between lanes. Weaving between lanes by itself may,
under certain circumstances, be sufficient to support reasonable suspicion. Cook v.
State, 63 S.W.3d 924, 928-29 (Tex. App.—Houston [14th Dist.] 2002, pet ref’d). A
defendant is not entitled to an article 38.23(a) instruction if he does not controvert or
challenge the State’s facts. Hanks v. State, 137 S.W.3d 668, 671 (Tex. Crim. App.
2004) (citing Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986)). 
Appellant was not entitled to an article 38.23(a) instruction directing the jury to
disregard the evidence obtained from the traffic stop if it believed, or had reasonable
doubt that he “weaved out of his lane,” because there is no factual dispute as to
whether appellant “weaved out of his lane.”
           There is, however, a factual dispute as to whether appellant “struck the curb,”
while weaving outside of his lane. Both appellant and Fierro denied that he struck
the curb, but admitted that he was weaving. Appellant did not argue to the trial court
that he was entitled to an instruction regarding whether he struck the curb, arguing
the opposite, in fact. See Tex. R. App. P. 33.1. We also note that the jury’s resolution
of whether appellant did strike the curb while weaving would have had no impact. 
The fact that all witnesses agreed that appellant was weaving between lanes was
sufficient to show reasonable suspicion for the stop. Thus, appellant was not entitled
to an article 38.23(a) instruction. See Crunk v. State, 934 S.W.2d 788, 795 (Tex.
App.—Houston [14th Dist.] 1996, pet. ref’d) (holding that, where determination of
fact issue has no impact on admissibility of evidence, no article 38.23 instruction is
required). Although it was error for the trial court to have given an article 38.23(a)
instruction, the error only raised the State’s burden. Appellant was not harmed
because the error accrued to his favor. 
          We overrule appellant’s first point of error.
Legal and factual insufficiency
          In his second and third points of error, appellant challenges the legal and
factual sufficiency of the evidence. In reviewing the evidence on legal sufficiency
grounds, we view the evidence in the light most favorable to the prosecution to
determine whether any rational trier of fact could have found the essential elements
of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19,
99 S. Ct. 2781, 2788-89 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000). In a factual sufficiency review, we view all the evidence in a neutral light, and
we will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004), petition for cert. filed, 73 U.S.L.W. 3569
(U.S. Dec. 27, 2004) (No. 04-7807); see also Zuniga v. State, 144 S.W.3d 477, 481
(Tex. Crim. App. 2004). We should not substitute our own judgment for that of the
fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
          “A person commits an offense if the person is intoxicated while operating a
motor vehicle in a public place.” Tex. Penal Code Ann. § 49.04(a) (Vernon 2003). 
The statute defines “intoxicated” as follows:
    (A) not having the normal use or mental or physical faculties by
reason of the introduction of alcohol, a controlled substance, a drug, a
dangerous drug, a combination of two or more of those substances, or
any other substance into the body; or
      (B) having an alcohol concentration of 0.08 or more. 
 
Id. § 49.01(2) (Vernon 2003). The State alleged that appellant was intoxicated in that
he did not have “normal use of his mental and physical faculties by reason of
introduction of ALCOHOL into his body, [and he did] operate a motor vehicle in a
public place.” Appellant admits that this paragraph tracks the applicable penal code. 
          Appellant contends that the record fails to show that appellant “had lost the
normal use of his mental or physical faculties due to intoxication” when he was
driving the truck. In support of both challenges, appellant states that he produced
evidence that his eyes were always bloodshot and were especially so that day due to
smoke from the cook-off, that he had a “different accent to his speech,” and that he
had denied the allegations of traffic violations that were “minor in nature.” 
          Rouen testified that he smelled alcohol on appellant’s breath, that appellant’s
eyes were not merely bloodshot but also glazed, and that appellant failed a series of
field sobriety tests. Rouen stated his conclusion that appellant did not have normal
use of his mental or physical faculties and that appellant was intoxicated. Appellant
challenges only the intoxication element, and the opinion of Rouen alone is sufficient
to prove that element. Irion v. State, 703 S.W.2d 362, 364 (Tex. App—Austin 1986,
no pet.) (citing Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979)). 
Appellant did not contest any aspect of the erratic driving Rouen testified to, except
for the striking of the curb, and admitted that he had been drinking all day and did not
know how much alcohol he had consumed. Additionally, appellant did not stop when
Rouen first turned on his emergency lights, and appellant testified that he told Rouen,
“I may be intoxicated, but I’m not drunk, by no means.” 
          The jury is the exclusive judge of the facts, the credibility of the witnesses, and
the weight to be given to the witnesses’ testimony. Jaggers v. State, 125 S.W.3d 661,
671 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). The jury may believe all,
some, or none of any witness’s testimony. See Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986) (stating that the jury “could choose to believe or not believe
the witnesses, or any portion of their testimony”). A jury decision is not manifestly
unjust merely because the jury resolved conflicting views of evidence in favor of the
State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997). 
          Viewing the evidence in the light most favorable to the prosecution, we hold
that a rational trier of fact could have found, beyond a reasonable doubt, that
appellant was intoxicated and committed the offense of DWI. Viewing all the
evidence in a neutral light, we hold that the evidence that appellant was intoxicated
and committed the offense of DWI is not so weak that the verdict is clearly wrong and
manifestly unjust, nor is the contrary evidence so strong that the standard of proof
beyond a reasonable doubt could not have been met. 
          We overrule appellant’s second and third points of error. 
                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).