COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-339-CR

 

 

JUSTIN THOMAS KELLEY                                                     APPELLANT

 

V.

 

THE STATE OF TEXAS                                                                  STATE



 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

ON
APPELLANT=S
PETITION FOR DISCRETIONARY REVIEW

 

                                              ------------

Pursuant to Texas Rule of
Appellate Procedure 50, we withdraw our September 6, 2007 opinion and judgment
and substitute the following.  See Tex. R. App. P. 50. 








I.  Introduction

Appellant Justin Thomas
Kelley appeals his conviction for operating a motor vehicle in a public place
while intoxicated.  In two issues, Kelley
argues that the trial court erred by denying his motion to suppress and by
refusing to properly instruct the jury on the law consistent with article 38.23
of the Texas Code of Criminal Procedure. 
We will affirm.

II.  Factual
and Procedural Background

Late one night as Kelley
drove down Fort Worth Drive in Denton County, he swerved, causing his Ford
Explorer to hit a building on the side of the road.  Denton Police Officer Tom Birckbichler
received a complaint about this accident and drove to the scene.  At the scene, Kelley approached Officer
Birckbichler, said that he was the driver of the Explorer, and claimed that Asomething [had] passed in front of him@ and had caused him to veer off the road.  Officer Birckbichler smelled alcohol on
Kelley=s breath, noticed that Kelley=s speech was slurred and that Kelley seemed a little unsteady on his
feet, and found no indication that anything had passed in front of Kelley.  Kelley admitted to having ingested some
amount of alcohol. 








Officer Birckbichler then
administered the horizontal gaze nystagmus field sobriety test to Kelley and
observed that Kelley exhibited six out of a possible six clues of
intoxication.  Officer Birckbichler then
administered the Awalk and
turn@ and Aone-legged
stand@ tests, but Kelley was unable to complete either test.  Officer Birckbichler concluded that Kelley
had lost the normal use of his mental and physical faculties and placed Kelley
under arrest for driving while intoxicated. 

The State charged, and the
grand jury indicted, Kelley for operating a motor vehicle in a public place
while intoxicated.  Kelley filed a motion
to suppress, arguing that his warrantless arrest was unlawful under article
14.01 of the Texas Code of Criminal Procedure because Officer Birckbichler did
not observe Kelley driving a motor vehicle. 
At the suppression hearing, Officer Birckbichler testified that he did
not observe Kelley driving his motor vehicle; Kelley=s vehicle had crashed into the side of the building prior to Officer
Birckbichler=s arrival at
the scene.  The trial court denied Kelley=s motion to suppress. 

Subsequently, a jury found
Kelley guilty of the offense of operating a motor vehicle in a public place
while intoxicated, and the trial court assessed his punishment at twenty-one
months= probation, forty-two hours of community service, and a $700.00
fine.  This appeal followed. 

III.  Motion
to Suppress








In his first issue, Kelley
argues that the trial court erred by denying his motion to suppress evidence;
Kelley claims that his warrantless arrest was unlawful under article 14.01 of
the Texas Code of Criminal Procedure because Officer Birckbichler did not
observe Kelley drive a motor vehicle.

A.     Standard of Review








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Amador v. State, 221
S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  Wiede v. State, 214 S.W.3d 17, 24-25 (Tex.
Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000), modified on other grounds by State v. Cullen, 195 S.W.3d 696
(Tex. Crim. App. 2006).  Therefore, we
give almost total deference to the trial court=s rulings on (1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application-of-law-to-fact questions that
turn on an evaluation of credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez v.
State, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); Johnson v. State,
68 S.W.3d 644, 652‑53 (Tex. Crim. App. 2002).  But when application-of-law-to-fact questions
do not turn on the credibility and demeanor of the witnesses, we review the
trial court=s rulings on
those questions de novo.  Amador,
221 S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim.
App. 2005); Johnson, 68 S.W.3d at 652‑53.

Stated another way, when
reviewing the trial court=s ruling on
a motion to suppress, we must view the evidence in the light most favorable to
the trial court=s ruling.  Wiede, 214 S.W.3d at 24; State v. Kelly,
204 S.W.3d 808, 818 (Tex. Crim. App. 2006). 
We must uphold the trial court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  State v. Stevens, 235
S.W.3d 736, 740 (Tex. Crim. App. 2007); Armendariz v. State, 123 S.W.3d
401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974 (2004). 

B.     Probable Cause for Arrest

The offense of DWI occurs
when an individual (1) is intoxicated and (2) operates a motor vehicle in a
public place.  Tex. Pen. Code Ann. ' 49.04(a) (Vernon 2003).  Unless
enhanced by previous convictions, this offense is a misdemeanor.  Id. ' 49.04(b).  In general, a peace
officer may make a warrantless arrest for a misdemeanor only if the offense is
committed in his view or presence.  Tex. Code Crim. Proc. Ann. art. 14.01
(Vernon 2005).








But, whenever an intoxicated
person is in an officer=s presence
and the officer has probable cause to believe that the person is intoxicated to
the degree that the person may endanger himself or another, the officer may
arrest the person for public intoxication, even though a warrantless arrest of
the person for DWI would be unlawful.  See,
e.g., Jones v. State, 949 S.W.2d 509, 515 (Tex. App.CFort Worth 1997, no pet.).  When
there is sufficient evidence to support a finding of probable cause to arrest a
person for the offense of public intoxication committed in the officer=s presence, the arrest is not invalid just because the officer labels
the offense Adriving
while intoxicated.@  See, e.g., Warrick v. State, 634
S.W.2d 707, 709 (Tex. Crim. App. [Panel Op.] 1982).  In deciding whether there is probable cause
to make a warrantless arrest, an officer is entitled to draw upon both law
enforcement experience and the totality of circumstances within the officer=s knowledge at the time the event is happening.  See Amores v. State, 816 S.W.2d 407,
413 (Tex. Crim. App. 1991).








We must independently and
objectively review the record=s facts about Kelley=s intoxication.  See Jones,
949 S.W.2d at 516 (citing Collins v. State, 795 S.W.2d 777, 779 n.4
(Tex. App.CAustin 1990,
no pet.)).  The test as to whether
probable cause existed for a public intoxication arrest is whether the officer=s knowledge at the time of the arrest would warrant a prudent person=s belief that an intoxicated suspect was a danger to himself or
others.  Id.

Here, although Officer
Birckbichler testified that he did not observe Kelley driving, Kelley was the
only person at the scene and admitted that he had been driving the
Explorer.  Officer Birckbichler testified
that he smelled alcohol on Kelley=s breath, that Kelley=s speech was slurred, and that Kelley was a little unsteady on his
feet; furthermore, Kelley admitted to Officer Birckbichler that he had consumed
alcohol.  Additionally, Officer
Birckbichler observed Kelley=s Explorer smashed into a building on the side of the road, and the Acorner of the building was all but knocked B almost knocked down.@  Kelley claimed that he had
swerved to miss something that had passed in front of him, but Officer
Birckbichler testified that he Anever could find anything or any evidence of anything of that sort.@  Kelley failed all of the field
sobriety tests administered by Officer Birckbichler.  Kelley exhibited six of the six possible
clues of intoxication in the horizontal gaze nystagmus field sobriety test and,
despite multiple attempts, was unable to complete either the Awalk and turn@ test or the
Aone-legged stand@ test.  Officer Birckbichler testified that Kelley Ahad difficulty maintaining his balance@ and Awas swaying@ during these tests.








Our independent and objective
review of the record=s facts
about Kelley=s
intoxication establish that probable cause existed for Officer Birckbichler to
arrest Kelley for public intoxication; Officer Birckbichler=s knowledge at the time of the arrest would warrant a prudent person=s belief that Kelley was intoxicated to the point that he was a danger
to himself or others.  See Tex. Penal Code Ann. ' 49.02(a) (Vernon Supp. 2007); Jones, 949 S.W.2d at 515; see,
e.g., Simpson v. State, 886 S.W.2d 449, 455 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d) (finding probable cause existed to arrest appellant for public
intoxication).  As the State argued at
the suppression hearing, AThere has
been testimony that the Defendant was indeed intoxicated.  And there had been also evidence that the
Defendant actually drove off of the road and ran into a building, which
certainly would show that he was a danger to himself.@  We overrule Kelley=s first issue.

IV.  Jury Charge

In his second issue, Kelley
argues that the trial court erred by refusing to properly instruct the jury on
the law consistent with article 38.23 of the Texas Code of Criminal
Procedure.  Specifically, Kelley argues
that the trial court failed to instruct the jury to decide whether Officer
Birckbichler had the right to arrest Kelley for DWI and that the trial court
failed to instruct the jury about the effect of a determination that any evidence
was unlawfully obtained.

 

 








A.     Standard of Review

Appellate review of error in
a jury charge involves a two-step process. 
Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error
occurred.  If so, we must then evaluate
whether sufficient harm resulted from the error to require reversal.  Id. at 731-32.  Error in the charge, if timely objected to in
the trial court, requires reversal if the error was Acalculated to injure the rights of [the] defendant,@ which means no more than that there must be some harm to the
accused from the error.  See Tex. Code Crim. Proc. Ann. art. 36.19
(Vernon 2006); see also Abdnor, 871 S.W.2d at 731-32; Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g).  In other words, a properly
preserved error will require reversal as long as the error is not
harmless.  Almanza, 686 S.W.2d at
171.  In making this determination, Athe actual degree of harm must be assayed in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole.@  Id.; see also Ovalle
v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).       

B.     Proper Jury Charge








A trial judge=s charge to the jury must set forth Athe law applicable to the case.@  Gray v. State, 152
S.W.3d 125, 126-27 (Tex. Crim. App. 2004) (quoting Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007)).  The trial court must provide the jury with
both an abstract statement of the law and an application of that abstract
statement to the evidence in the case.  Riley
v. State, 830 S.W.2d 584, 586‑87 (Tex. Crim. App. 1992).  In jury instructions addressing admissibility
of evidence, what is Aappropriate@ is largely left up to the discretion of the trial court, within the
mandates of articles 38.22 and 38.23 of the Texas Code of Criminal
Procedure.  Mendoza v. State, 88
S.W.3d 236, 240 (Tex. Crim. App. 2002).

Article 38.23 of the Texas
Code of Criminal Procedure mandates that any illegally obtained evidence is
inadmissible against the accused.  Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon 2005).  If a defendant
successfully raises factual disputes over whether evidence was illegally
obtained, inclusion of a properly worded article 38.23 instruction is
mandatory.  Bell v. State, 938
S.W.2d 35, 48 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827
(1997).  Article 38.23 requires that the
trial court instruct the jury to disregard any evidence it believes to have
been, or has a reasonable doubt as to whether the evidence was, illegally
obtained.  Tex. Code Crim. Proc. Ann. art. 38.23(a);
Mendoza, 88 S.W.3d at 239.

 

 








C.     The Jury Charge

The jury charge given in this
case began by defining the offense of DWI and stating the burden of proof.  The charge then accurately stated the law
under article 14.01(b) (addressing the authority of a peace officer to arrest)
and article 38.23 (addressing the admissibility of improperly obtained
evidence), and it also gave a definition of probable cause.  The jury charge then applied these abstract
statements of law to this case by stating, 

Now, therefore, bearing in mind the foregoing instructions, if you
find from the evidence the arresting officer did not have, or if you have a
reasonable doubt that the arresting officer had, probable cause to arrest
[Kelley] for an offense, you are instructed to disregard any evidence which you
find was obtained in violation of the provisions of Texas law. 

 

D.     Proper Instruction on
Valid Arrest








Initially, Kelley asserts that the trial court issued an erroneous
article 38.23 jury instruction because the instruction failed to address the
issue of whether Officer Birckbichler had the right to arrest Kelley for DWI
despite not seeing Kelley driving a vehicle. Kelley sought to have language
included in the charge stating that Officer Birckbichler needed to have
actually seen Kelley driving the Explorer in order to arrest him for DWI.  But as we have previously held, Officer
Birckbichler needed only probable cause to arrest Kelley for some offense and
here Officer Birckbichler had probable cause to arrest Kelley for public
intoxication.  Thus, Officer Birckbichler
did not need to have actually observed Kelley driving the Explorer in order to
arrest him.  See Lopez v. State
936 S.W.2d 332, 333 (Tex. App.CSan Antonio 1996, no pet.). 

The trial court instructed the jury on the law applicable to DWI,
police arrests, and probable cause, as it was required to do.  See Hanks v. State, 104
S.W.3d 695, 701 (Tex. App.CEl Paso 2003), aff=d, 137 S.W.3d 668 (Tex. Crim. App.
2004).  Accordingly, the trial court
appropriately charged the jury with an abstract statement of the applicable law
and an application of that abstract statement to the evidence in Kelley=s case.  See Tex. Code Crim. Proc. Ann. art.
38.23(a); Riley, 830 S.W.2d at 586-87. 
For these reasons, we hold that the trial court did not err by failing
to include Kelley=s proposed
jury instructions.  We overrule this
portion of Kelley=s second
issue. 

E.     Proper Instruction on
Illegally Obtained Evidence

In the second part of this issue, Kelley contends that the trial court
should have instructed the jury that if they found that his arrest was illegal,
then they must either disregard specific evidence or return a verdict of
acquittal.








In general, a jury charge must instruct the jury under what
circumstances they should convict and under what circumstances they should
acquit.  See Gray, 152 S.W.3d at
126-27.  Where the entirety of the
State=s case rests on the validity of an arrest, then the trial court should
instruct the jury to render a verdict of acquittal if it finds the arrest was
illegal.  Cf., e.g., Reynolds
v. State, 967 S.W.2d 493, 495 (Tex. App.CHouston [1st Dist.] 1998), aff=d, 4 S.W.3d 13 (Tex. Crim. App. 1999)
(upholding a trial court=s
instruction to render a verdict of acquittal where all incriminating
evidence was obtained after a potentially illegal traffic stop).  

Although a trial court may instruct the jury to disregard specific
pieces of evidence if obtained illegally, see, e.g., Hanks
104 S.W.3d at 701, calling the jury=s attention to specific pieces of evidence may also constitute a
comment on the weight of the evidence, Mendoza, 88 S.W.3d at 240.  Cf. Reynolds, 967 S.W.2d at 495 (upholding
a trial court=s
instruction that did not mention specific evidence).  Thus, what is appropriate is left to the
discretion of the trial court as long as the instruction falls within the
mandates of article 38.23.  See
Mendoza, 88 S.W.3d at 240.

Here, the entirety of the State=s case does not rest on the validity of the arrest.  Officer Birckbichler observed much of the
incriminating evidence, such as Kelley=s slurred speech, unsteady movements, and failed field sobriety tests,
prior to arresting Kelley.  Considering
Officer Birckbichler=s testimony,
the jury, even if it disregarded evidence obtained after Kelley=s arrest, would still have had evidence on which to base its
conviction of Kelley.  Thus, any
instruction to render a verdict of acquittal would have been error. 








Despite Kelley=s contention
that the jury was not instructed to disregard the evidence, the plain language
of the charge indicates the opposite. 
The charge included the following instruction:  A[Y]ou are instructed to disregard any evidence which you find was obtained
in violation of the provisions of Texas law.@  In addition to this
instruction, the charge also contains language identical to the provisions of
article 38.23.  The trial court was not
required to instruct the jury to disregard specific pieces of evidence obtained
by Officer Birckbichler because the charge fell within the mandates of article
38.23.  See Mendoza, 88 S.W.3d at
240.

After reviewing the record, we hold that the trial court did not err
by issuing the jury charge.  The charge
properly stated the law applicable to DWI, police arrests, probable cause, and
exclusion of evidence and applied these abstract statements of law to Kelley=s case within the mandates of article 38.23 of the Texas Code of
Criminal Procedure.  See Gray, 152
S.W.3d at 126-27; Riley, 830 S.W.2d at 586-87; Mendoza, 88 S.W.3d
at 240.  Accordingly, we overrule this
portion of Kelley=s second
issue.

V. 
Conclusion 

Having overruled all of Kelley=s issues, we affirm the trial court=s judgment. 

SUE WALKER

JUSTICE

PANEL B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: January 10, 2008                       











[1]See Tex. R. App. P. 47.4.