# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00830-CR

### Ex parte Stephanie Murrile

**FROM THE COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY, NO. C-1-CR-10-212556 HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Stephanie Murrile appeals the denial of her application for writ of habeas corpus. On appeal, she reiterates her contention that she is being unlawfully constructively detained under an indictment for driving while intoxicated. She asserts that the administrative law judge in her driver's license revocation proceeding found that the State failed to prove she drove a motor vehicle while intoxicated and that the ALJ's finding collaterally estops the State from prosecuting her for driving while intoxicated. She further contends that the ALJ's finding means that this DWI prosecution violates the constitutional bar against double jeopardy and that a statute expressly providing otherwise is unconstitutional. *See* Tex. Transp. Code Ann. § 524.012(e) (West Supp. 2011). We will affirm the trial court's order denying her requested relief.

The Texas Court of Criminal Appeals previously rejected the theories Murrile asserts. *See Reynolds v. State*, 4 S.W.3d 13 (Tex. Crim. App. 1999). In that case, Reynolds's car was stopped for speeding and failing to stay in his traffic lane, after which Reynolds showed signs of intoxication, failed field sobriety tests, and refused a breath test. *See Reynolds v. State*, 967 S.W.2d

493, 494 (Tex. App.—Houston [1st Dist.] 1998), *aff'd*, 4 S.W.3d 13. At the driver's license revocation proceeding, the ALJ found that the Department of Public Safety failed to prove that the peace officer had reasonable suspicion to stop Reynolds's car, and the ALJ declined to suspend Reynolds's license. *Id.* In his criminal trial for DWI arising from the same incident, Reynolds contended that the ALJ's finding collaterally estopped the Harris County District Attorney's Office from arguing at a hearing on a motion to suppress that the peace officer had reasonable suspicion to stop appellant's car. *See* 4 S.W.3d at 14. The court of criminal appeals held that collateral estoppel did not apply because "the Texas Department of Public Safety and a District Attorney are not the same 'parties' for collateral estoppel purposes in cases like this." *Id.* at 18. The court of criminal appeals also held that collateral estoppel and double jeopardy prohibitions of successive prosecution did not apply because the driver's license revocation proceeding was a civil proceeding, not a criminal prosecution. *Id.* at 18-19. The court of criminal appeals also held that the statute providing that findings in driver's license revocation hearings do not "preclude litigation of the same or similar facts in a criminal prosecution" did not violate the federal constitution's double jeopardy clause. *See id.* at 19-20; *see also* Tex. Transp. Code Ann. §§ 524.012(e)(3) & 724.048(a)(3) (West 2011).

Murrile's application and arguments on this appeal are squarely within the holdings of the court of criminal appeals in *Reynolds*.[1] The fact the ALJ found in *Reynolds* (that DPS failed to prove reasonable suspicion to stop) is not an element of the crime like the fact the ALJ found unproven in this case (that the driver operated a motor vehicle in public while intoxicated). But the

---

[1] Though the *Reynolds* opinion does not address Texas constitutional issues, Murrile does not argue that the Texas Constitution provides greater protection against double jeopardy than the federal constitution in this case. We find no basis to conclude that it does on these facts.

reasoning of the *Reynolds* opinion rests on the nature of the governmental bodies, the civil/criminal structure of the judicial system, and the express statutory language used by the legislature in defining the effect of the administrative proceeding, not the particular fact found by the ALJ. *See* 4 S.W.3d at 18-20. The structural basis of the reasoning takes *Reynolds* and this case out of the scope of *Ashe*, in which the Supreme Court held that collateral estoppel applies when an issue of ultimate fact has been determined by a valid and final judgment. *See Ashe v. Swenson*, 397 U.S. 436, 443 (1970). *Ashe* barred successive criminal prosecutions of the same ultimate issue, not a criminal prosecution following a legislatively created civil administrative proceeding with expressly limited preclusive effect brought by a different agency. *See id.* at 439.

Following *Reynolds*, we conclude that the facts before us do not trigger collateral estoppel and that neither they nor the statute at issue violate the prohibition in the federal or state constitutions against double jeopardy. *See* 4 S.W.3d at 18-20. We affirm the trial court's order denying Murrile's requested relief.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: May 16, 2012

Do Not Publish

3